IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01575-MSK-CBS

MATTHEW HAYNIE, and
KELSEY HAYNIE,
    Plaintiffs,
v.

PHH MORTGAGE,
ARONOWITZ & MECKLENBURG,
STACEY ARONOWITZ,
PAUL BROWN, Public Trustee,
ALL PERSONS CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO, and
DOES 1 THROUGH 10, INCLUSIVE,
    Defendants.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Plaintiffs' "Verified Complaint for Quiet Title, Fraud, Racketeering, Fraudulent Foreclosure, /Illegal Eviction & Invasion of Privacy" ("Complaint") (filed June 18, 2012) (Doc. # 1).  By the Order of Reference dated June 20, 2012, this civil action was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b).  (See Doc. # 3).  The court having reviewed the pleadings, the entire case file, and the applicable law and being sufficiently advised in the premises, the Complaint is STRICKEN and Plaintiffs are directed to submit an Amended Complaint that complies with the Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the District of Colorado, and this Order.

    Fed. R. Civ. P. 8(a) states that a complaint shall contain "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim

showing that the pleader is entitled to relief." This pleading requirement is intended to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (internal quotation marks and citation omitted). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

"[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). *See also Blinder & Robinson Co. v. SEC*, 748 F.2d 1415, 1419 (10th Cir. 1984) ("a plaintiff must state a compensable claim for relief that details the facts forming the basis for the claim"). The information provided by the pleader must be adequate to set forth the basis of his claim "as distinguished from a bare averment that he wants relief and is entitled to it." *See* 5 *Federal Practice and Procedure* Civ. 3d § 1215. When a complaint does not comply with Rule 8, the district court has the authority to dismiss the complaint. *See Nasious*, 492 F.3d at 1161 ("a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure"); *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992) ("A dismissal without prejudice under Rule 8 is within the sound discretion of the trial court.") (citations omitted).

Plaintiffs are proceeding *pro se*. Although the court must liberally construe the pleadings of a *pro se* plaintiff, *Haines v. Kerner*, 104 U.S. 519, 520-21 (1972), it cannot act

as his advocate, and the plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure and the Local Rules of this court. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Complaint suffers from many deficiencies. It is not submitted on the court's standard complaint form. "A pro se party shall use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A. The Complaint consists of 72 pages and alleges 21 purported "Counts," plus additional claims for "Extreme and Outrageous Conduct" and "Punitive Damages." (*See* Doc. # 1 at 50-51 of 72). The Defendants named in the caption of the Complaint do not entirely match the Defendants listed in the "Table of Contents." (*See* Doc. # 1 at 2 of 72 (listing "Mortgage Electronic Registration Systems, (MERS)")). Plaintiffs allege jurisdiction under laws that do not provide jurisdiction in this court. (*See* Doc. # 1 at 5 of 71 ("Jurisdiction is further premised upon the Common Law of the State of Colorado.")).

Plaintiffs allege, among other things, violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* To state a claim under RICO, a plaintiff must allege that the defendant violated the substantive RICO statute, 18 U.S.C. § 1962, by setting forth "four elements: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 4596 (1985)). A pattern of racketeering activity must include commission of at least two predicate acts. *Resolution Trust Corp. v. Stone*, 998 F.2d 1534, 1543 (10th Cir. 1993). Plaintiffs conclusorily allege the Defendants themselves are "enterprises" whose existence is "self-evident." (*See* Doc. # 1 at 25 of 72). RICO claims must be pled with factual specificity, not with conclusory allegations.

The Complaint does not provide sufficient notice to each of the Defendants of the factual grounds for specific claims. The Complaint sets forth extensive legal terminology

without any factual context.  The Complaint is no more than a rambling barrage of conclusory allegations.  Plaintiffs do not cite adequate legal authority for their "Counts" and the court "will not root about in the case law seeking support" for them.  *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1296 n. 16 (5th Cir. 1994).  *See also Glenn v. First National Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) (court "will not search through the several paragraphs of the plaintiffs' 'Introductory Allegations' and attempt to match the factual assertions with the elements of all subsections of the RICO statute to determine if the complaint states a claim for relief" . . . or "require the defendants to 'piece' together the plaintiffs' complaint");  5 *Federal Practice and Procedure Civ. 3d* § 1281("[u]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage").  Plaintiffs do not clearly state the legal bases for their claims, the actions or inactions of each Defendant, or how those actions or inactions violate the law. Plaintiffs' accusations and conclusory assertions of legal violations do not clarify the substance of the Complaint or satisfy the pleading requirements set forth in the Federal Rules of Civil Procedure.  *See Green v. Com. of Massachusetts*, 108 F.R.D. 217, 218 (D. Mass. 1985) (finding that dismissal is appropriate for "complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim").  Plaintiffs seek, among other relief, $25,750,000.00 in damages, without a factual or legal basis for such an exorbitant amount of damages.  (*See* Doc. # 1 at 52-53 of 72).

In sum, the Complaint in its present form may properly be stricken.  Plaintiffs will be afforded an opportunity to submit an amended complaint which complies with the Federal Rules of Civil Procedure, the Local Rules of this court, and this Order.  The Amended Complaint must be submitted on the court's form and shall be titled "Amended Complaint."

The Defendants shall be clearly identified. The background statement shall briefly summarize Plaintiffs' case.  Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants.  The Complaint shall not contain conclusory allegations.

      Accordingly, IT IS ORDERED that:

1.      The Complaint (Doc. # 1) is STRICKEN for failure to comply with the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the District of Colorado.

2.      Plaintiffs shall have until Monday, August 27, 2012, to submit an Amended Complaint which complies with the Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the District of Colorado, and this Order.

3.      Plaintiff's failure to comply with this Order may result in a Recommendation to District Judge Krieger that this civil action be dismissed.

4.      Enclosed with this Order is a copy of the court's complaint form.

      DATED at Denver, Colorado, this 2nd day of August, 2012.

BY THE COURT:

s/Craig B. Shaffer  
United States Magistrate Judge