IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**MAGISTRATE JUDGE CRAIG B. SHAFFER**

| | |
|---|---|
| Civil Action:  12-cv-01575-RM-CBS | FTR - COURTROOM A-402 |
| Date:  June 24, 2013 | Courtroom Deputy:   Courtni Covington |

| *Parties* | *Attorney(s)* |
|---|---|
| MATTHEW HAYNIE, and<br>KELSEY HAYNIE,<br><br>    **Plaintiffs,**<br><br>v.<br><br>PHH MORTGAGE, INC., *et al.,*<br><br>    **Defendants.** | *Pro Se*<br><br><br><br><br><br><br>Lauren E. Tew<br>Lissa Kalt<br>Sam D. Starritt |

**COURTROOM MINUTES/MINUTE ORDER**

**HEARING:   MOTION HEARING**
**Court in Session:      1:31 p.m.**

Court calls case. Appearances of counsel.  Plaintiffs appear *pro se.*

This matter is before the court regarding **MOTION to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5) and (6) by Defendants, Aronowitz & Mecklenburg and Stacey L. Aronowitz** [Doc No. 32, filed 12/05/12] and **Public Trustee's Combined MOTIONS to Amend Caption and to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to F.R.C.P. 12(b)(1) and for Failure to State a Claim Pursuant to F.R.C.P. 12(b)(6)** [Doc. No. 33, filed 12/14/12].

The court addresses Matthew and Kelsey Haynie regarding the Order filed by the court directing Plaintiffs to respond to the Motions to Dismiss on or before June 17, 2013 and their failure to do so.

The court shall start with the **MOTION to Dismiss Pursuant to Fed. R. Civ. P.  12(b)(1), (2), (5) and (6) by Defendants, Aronowitz & Mecklenburg and Stacey L. Aronowitz**.  Defendants make an oral motion to withdraw, without prejudice, their pending motion to dismiss so that they may file a more comprehensive motion and Plaintiffs would therefore have an opportunity to respond. Plaintiffs do not object.

**ORDERED:** Defendants' oral motion to **WITHDRAW without prejudice** their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5) and (6) by Defendants, Aronowitz & Mecklenburg and Stacey L. Aronowitz [Doc No. 32, filed 12/05/12] is **GRANTED**. Motion is withdrawn.

The court moves on to Defendant **Public Trustee's Combined MOTIONS to Amend Caption and to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to F.R.C.P. 12(b)(1) and for Failure to State a Claim Pursuant to F.R.C.P. 12(b)(6)** [Doc. No. 33, filed 12/14/12].

Counsel for Defendant Paul N. Brown presents oral argument and engages in discussion with the court.

**2:47** Plaintiff Kelsey Haynie leaves the courtroom.

Further discussion between the court and Mr. Haynie regarding argument presented on the pending motion to dismiss. Relevant case law cited. Further discussion regarding the claims listed in the Complaint, the substitution of the current Public Trustee in place of Defendant Paul N. Brown, and proper service of the Defendants in the case.

The court addresses Mr. Haynie regarding its issues with the claims in the case and his failure to provide relevant case law to support his position. Discussion regarding how the case will proceed.

**ORDERED:** For the reasons stated on the record, the court **RECOMMENDS** that Defendant Public Trustee's Combined MOTIONS to Amend Caption and to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to F.R.C.P. 12(b)(1) and for Failure to State a Claim Pursuant to F.R.C.P. 12(b)(6) [Doc. No. 33, filed 12/14/12] be **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs concede that they failed to comply with the notice of claim provision in the Colorado Governmental Immunity Act ("CGIA"), C.R.S. § 24-10-109(a), prior to commencing the instant action. *See also Bethel v. United States*, 456 Fed. Appx. 771, 775 n. 11 (10th Cir. 2012) (noting that the CGIA requires, "as a jurisdictional prerequisite, that any person seeking to sue a public employee, whether or not his actions are willful and wanton and whether or not he is being sued in his personal capacity, comply with [the statute's] notice of claim provision"); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hospital District*, 353 F.3d 832, 840 (10th Cir. 2003) ("in the context of a motion to dismiss, pleading compliance with the notice provisions of the CIGA is *de facto* jurisdictional"). Accordingly, Public Trustee's Motion to Dismiss should be granted to the extent that it seeks to dismiss Plaintiffs' state tort law claims. Those state law tort claims should be dismissed without prejudice. The motion to dismiss should be denied in all other respects.

Discussion and clarification between the court regarding service.

The court addresses Mr. Haynie regarding suing Paul N. Brown in his official or individual capacity.

**ORDERED:** Plaintiffs have **30 days** from today's date to properly serve Defendants PHH Mortgage, Inc., Aronowitz & Mecklenburg, and Stacey L. Aronowitz.

**ORDERED:** Within **30 days** from today's date, Plaintiffs shall either file a motion for leave to amend their complaint, attaching a proposed second amended complaint, or alternatively, Plaintiffs may serve the current amended complaint. Defendants may respond to the second amended complaint. If no second amended complaint is filed, Defendants may renew their motions to dismiss.

After the 30 days have passed, the court will be in a better position to know how the case will be moving forward, what parties will be a part of the case, and what claims will be pursued.

The court informs the parties that only a ruling from the bench will issue, no written order will follow, and therefore the amount of days to file an objection should be calculated from today's date.

HEARING CONCLUDED.
**Court in recess**: **3:47 p.m.**
Total time in court:   02:16

To order transcripts of hearings with Magistrate Judge Shaffer, please contact Avery Woods Reporting at (303) 825-6119 or toll free at 1-800-962-3345.