**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-01575-RM-CBS

MATTHEW HAYNIE; and
KELSEY HAYNIE,

             Plaintiffs,

v.

PHH MORTGAGE;
ARONOWITZ & MECKLENBURG;
STACEY L. ARONOWITZ;
PAUL N. BROWN, Public Trustee, and all persons claiming any legal or equitable right, title,
estate, lien, or interest in the property described in the Complaint adverse to Plaintiff's title, or any
cloud on Plaintiff's title thereto; and
DOES 1-10, inclusive,

             Defendants.

---

**ORDER ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE (ECF NO. 52)**

---

THIS MATTER is before the Court on the June 24, 2013 Recommendation of the United

States Magistrate Judge ("Recommendation") (ECF No. 52) that Defendant Public Trustee's

("Public Trustee's") Combined Motions to Amend Caption and to Dismiss for Lack of Subject

Matter Jurisdiction Pursuant to F.R.C.P. 12(b)(1) and for Failure to State a Claim Pursuant to

F.R.C.P. 12(b)(6) ("Motion") (ECF No. 33) be granted in part and denied in part.   Public

Trustee's Motion is based on three arguments: (1) Plaintiffs' suit is barred by the Eleventh

Amendment; (2) Plaintiffs' tort claims are barred by the Colorado Governmental Immunity Act

("CGIA"), C.R.S. § 24-10-109; and (3) Plaintiffs fail to state a claim upon which relief can be granted.

The Magistrate Judge held a hearing on pending motions, including the Motion, during which, *inter alia:* (1) Public Trustee withdrew his Eleventh Amendment argument based on *Greeley Publishing Co. v. Hergert*, 05-cv-00980, 2006 WL 1581754 (D. Colo. June 6, 2006); and (2) Plaintiffs admitted they did not comply with the notice of claim provision in the CGIA and Public Trustee argued that all of Plaintiffs' state law claims were tort claims except for Claims 11 (quiet title), 14 (breach of contract), 18 (unjust enrichment) and, depending on whether the claim is viewed as one which could lie in tort, Claim 19 (unjust enrichment).   Among other things, the Magistrate Judge ordered Plaintiffs to either file a motion for leave to amend their complaint, with a proposed second amended complaint, or serve the current amended complaint to which Defendants may renew their motions to dismiss.   The Magistrate Judge also recommended Plaintiffs' state tort law claims against Public Trustee be dismissed for failure to comply with the CGIA.

The Magistrate Judge orally issued the Recommendation from the bench, as subsequently memorialized in his Courtroom Minutes/Minute Order (ECF No. 51).   The Magistrate Judge also orally advised the parties they had fourteen days from the date of his Recommendation, June 24, 2013, to file any objections.   The time permitted for any objections has expired and no objections to the Recommendation have been filed.

The Court has reviewed the record, including the Amended Complaint, Motion, Recommendation and recorded hearing, and concludes the Magistrate Judge's analysis was

thorough and sound, and that there is no clear error on the face of the record.   *See* Fed. R. Civ. P.

72(b) Advisory Committee's Notes ("When no timely objection is filed, the court need only satisfy

itself that there is no clear error on the face of the record in order to accept the recommendation.");

*see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely

objection, the district court may review a magistrate's report under any standard it deems

appropriate.").

The Recommendation did not specifically identify which of the 21 claims for relief in the

Amended Complaint constitute state tort claims, *i.e.,* claims for injury that lie in tort or could lie in

tort.   The Court has reviewed the allegations in the Amended Complaint, applicable case law, and

statements made during the hearing, and is heedful that Plaintiffs are appearing *pro se.*   The

Court, therefore, reviews Plaintiffs' pleadings and other papers filed liberally and holds them to a

less stringent standard than those drafted by attorneys.   *Trackwell v. United States Government*,

472 F.3d 1242, 1243 (10th Cir. 2007).   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)

(holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted

by lawyers).   Upon consideration of the applicable materials and factors, the Court finds the

following claims fall within the coverage of the CGIA: Claims 1-4 (based on fraud); Claim 10

(negligent misrepresentation); Claim 12 (civil conspiracy); Claim 15 (interference with business

contract); Claim 16 (illegal foreclosure); and Claim 17 (fraudulent instruments).   *E.g., Robinson

v. Colorado State Lottery Div.,* 179 P.3d 998 (Colo. 2008); *Casey v. Colorado Higher Ed. Ins.

Benefits Alliance Trust,* No. 10CA1188, 2012 WL 3517612 (Colo.App. Aug. 16, 2012), *as

modified on denial of rehearing Sept. 13, 2012.*

3

Therefore, it is **ORDERED** as follows:

1. That the Magistrate Judge's Recommendation (ECF No. 52) is **ADOPTED** in its entirety as an order of this Court;

2. That Defendant Public Trustee's Motion (ECF No. 33) is **GRANTED IN PART** and the following state tort law claims alleged against Defendant Public Trustee are dismissed without prejudice: Claims 1-4, 10, 12, and 15-17; and

3. That Defendant Public Trustee's Motion (ECF No. 33) is **DENIED in all other respects**.

DATED this 16th day of July, 2013.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge